NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE: | : | |
| LAWRENCE AIELLO, | : | Case No. 05-57237 (KCF) |
| Debtor. | : | |
| BEATTIE PADOVANO, LLC, | : | |
| Appellant, | : | Civil No. 06-6099 (AET) |
| v. | : | **MEMORANDUM & ORDER** |
| KLEIN & RADOL, LLC, | : | |
| Appellee. | : | |

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court on appeal by the law firm of Beattie Padovano, LLC ("Beattie"), from the Bankruptcy Court's October 12, 2006 Order granting Klein & Radol LLC's ("Radol") motion for sanctions against Beattie for violating the discharge injunction pursuant to 11 U.S.C. § 524(a)(2). The Court has decided this appeal based on the unopposed submission of Beattie, and without oral argument pursuant to Fed. R. Bankr. P. 8012. For the reasons stated below, the Order of the Bankruptcy Court is remanded.

### JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to hear appeals from final judgments, orders, and decrees and, with leave of the court, from interlocutory orders and decrees entered by the Bankruptcy Court.

28 U.S.C. § 158(a).  The Court reviews the Bankruptcy Court's "findings of fact for clear error

and exercise[s] plenary review over the Bankruptcy Court's legal determinations."  In re

Pillowtex, Inc., 349 F.3d 711, 716 (3d Cir. 2003); see also Fed. R. Bankr. P. 8013.

BACKGROUND

On October 16, 2005, Aiello filed for Chapter 7 personal bankruptcy, and received a

discharge on March 24, 2006.  Concurrently, Aiello was involved in a state court litigation

pertaining to Summit Foods, Inc, his solely owned corporation.  On August 1, 2006, during a

deposition for that action, an attorney from Beattie, Ms. Elliott, attempted to serve Aiello's

counsel, Mr. Radol with a third party complaint against Aiello, for an assault he allegedly

committed against Zalman Sandon.  Radol informed Elliott that Aiello filed for personal

bankruptcy and was discharged.  (a112.)  Elliot stated that she needed time to consider the legal

ramifications of that, and in the interim Aiello accepted service.  (Id.)  On August 3, 2006, Radol

sent Elliott a letter, again confirming that Aiello had filed for Chapter 7 Bankruptcy and "had

been discharged for all known obligations as of the date of his filing."  Radol then stated:

> I would request that you immediately file an Amended Answer or any other
> document with the Court indicating that the claim against Mr Aiello has been
> withdrawn with prejudice.  I ask that you do so within the next five (5) days.  If
> you fail to do so, I shall have no alternative but to immediately file a Motion with
> the United States Bankruptcy Court asking that they reopen Mr. Aiello's
> bankruptcy file to address the claim of Zalmon Sandon.  I will also be asking the
> Court for counsel fees and sanctions based upon the notice which I have provided
> to you.

(a32.)

Beattie did not withdraw the complaint, and on September 11, 2006 Radol moved to re-

open Aiello's Chapter 7 Bankruptcy case and amend the petition to include the parties associated

with the assault claim.  Radol also moved for sanctions against Beattie for "continuing litigation

-2-

after being notified of the Debtor's bankruptcy proceedings" and "to pay counsel fees to the Debtor's law firm for the necessity of bring [sic] this motion."  (a8.)  Radol served the motion on Beattie on August 16, 2006 (a90), however, Beattie did not make a notice of appearance in the bankruptcy action, file an opposition, or attend the oral argument.

At the hearing, held on September 11, 2006 Radol moved to reopen Aiello's bankruptcy because of the new assault claim.  Radol informed the Bankruptcy Court that he "request[ed] that [Beattie] withdraw [Aiello's] name from a suit and they have refused to do so."  (Sep. 11, 2006, Tr. 2:15-21.)  The Bankruptcy Court granted Radol's motion stating "[s]ince the discharge has already been granted in this case, we're . . . dealing with a willful violation . . . of the discharge injunction." (Id. 3:11-13.)  "The filing of a third party complaint against [Aiello] violates these provisions.  As a result, sanctions are appropriate."  (Id.  3:17-20.)

Beattie moved for reconsideration on October 18, 2006, asserting that sanctions were not warranted because the firm's purported violation "was not willful" and because Radol never properly served Beattie notice of the bankruptcy action or the motion for sanctions.  Ruling from the bench, the Bankruptcy Court disagreed, finding that Beattie was on notice of Aiello's bankruptcy discharge as of August 3, 2006, and that Radol sufficiently served notice of the motion for sanctions.  The Court sanctioned Beattie because it "did nothing further after being notified of the bankruptcy . . . [when] formal withdrawal of the complaint was required by notice of the discharge." (Nov. 13, 2006, Tr. 20:14-15.)  Quoting from Judd v. Wolfe, 78 F.3d 110 (3d Cir.1996), the Court stated that "in no asset cases such as this one an individual's debts are automatically deemed discharged whether they are listed or not."  (Id. 21:2-4.)  Radol was awarded damages against Beattie because Beattie "did nothing to stop the proceedings that it had

initiated even after it learned that the debt was subject to a bankruptcy discharge." (<u>Id.</u> 23:8-10.)
On December 16, 2006, Beattie appealed that ruling to this Court.  Because it appears an
intentional tort, such as the assault claim at issue here, is not subject to a discharge injunction,
the Court will remand the matter to the Bankruptcy Court for a clarification of its ruling.

DISCUSSION

Under the Bankruptcy Code, "a discharge acts as an injunction against the
commencement or continuation of an action . . . to collect, recover or offset any such debt as a
personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2). "A party who knowingly violates a
discharge injunction can be held in contempt."  <u>In re Zilog, Inc.</u>, 450 F.3d 996, 1007 (9th Cir.
2006) (citing 11 U.S.C.A. §§ 105(a), 524(a)(2)).   Such a ruling is reviewed by this Court under
an abuse of discretion standard and will only be disturbed if there is an error of law or a clearly
erroneous finding of fact.  <u>United States v. Sarbello</u>, 985 F.2d 716, 727 (3d Cir. 1993); <u>Del.
Valley Citizens' Council v. Commonwealth of Pa.</u>, 678 F.2d 470, 478 (3d Cir. 1982).

It is undisputed that Aiello failed to list, schedule, or provide Sandon with notice of the
bankruptcy proceedings prior to August 1, 2006, several months after Aiello's discharge.
Typically, as the Bankruptcy Court noted, "in a no-asset, no-bar date case, dischargeability is
unaffected by scheduling."  <u>Judd v. Wolfe</u>, 78 F.3d at 111.  This is because § 727(b) "does not
create an exception for unlisted or unscheduled debts, [and] every prepetition debt is discharged
under section 727(b) <u>subject to the provisions of section 523(a)(3)</u>."  <u>Id.</u> at 114 (emphasis added).
However, if § 523(a)(3) applies to the debt, then it will not be discharged if left unscheduled.  <u>Id.</u>

Based upon the applicable case law, it appears that intentional torts, such as Sandon's
assault claim are within the purview of § 523(a)(3)(B) and that this statute "preserves the right of

-4-

[unlisted] creditors to litigate the dischargeability of their debts."  Id.; In re Jenkins, 330 B.R. 625 (Bkrtcy. E.D. Tenn. 2005) (holding that a creditor asserting an intentional tort claim against a discharged debtor need not reopen a bankruptcy proceeding against a debtor who failed to previously list, schedule, or notice the creditor of the bankruptcy proceeding); In re Strano, 248 B.R. 493, 501 (Bkrtcy. D.N.J. 2000) (finding statute 523(a)(3)(B) "suggests that bankruptcy jurisdiction is not exclusive for unscheduled, intentional tort debts"); In re James, 184 B.R. 147, 151 (Bkrtcy. N.D. Ala. 1995).

Aiello's discharge received in March 2006, "operates as an injunction against the commencement or continuation of an action . . ." (11 U.S.C.A. § 524(a)(2)), "[n]evertheless, '[t]he discharge injunction applies only to dischargeable debts.'"  Payne v. United States (In re Payne), 306 B.R. 230, 233 (Bankr. N.D. Ill. 2004).  Because Sandon was not listed as a creditor, or noticed of the bankruptcy proceeding, he was unable to timely file a complaint to request a determination of nondischargeability during the bankruptcy proceedings.  Evidently, § 523(a)(3)(B) and (c)(1), therefore renders Sandon's assault claim nondischargeable and allows Sandon to "file a complaint at any time to determine nondischargeability."  In re Jenkins, 330 B.R. at 629 (citations omitted); see also WebMD Practice Servs. v. Sedlacek (In re Sedlacek), 325 B.R. 202, 210 (Bankr. E.D. Tenn. 2005) (stating under § 523(a)(3)(B), if an alleged intentional tort debt was "not listed or scheduled, and the creditor did not receive or have actual knowledge of the case in time to timely file a complaint to determine dischargeability that would have been successful, the debt is nondischargeable") (citing Jones v. Warren Constr. (In re Jones), 296 B.R. 447, 449 (Bankr. M.D. Tenn. 2003)) (emphasis added).

Under these circumstances Sandon's complaint "may be filed at any time [and without

payment of a fee in a closed case]."  Fed. R. Bankr. P. 4007(b).  Further, "[s]ince there is no time limitation for filing a complaint under § 523(a)(3)(B), the creditor [is] not required to obtain permission from the bankruptcy court to file her complaint in the state court, which has concurrent jurisdiction over dischargeability issues . . . ."  In re Jenkins, 330 B.R. at 630 (citing § 523(a)(3)(B); Sedlacek, 325 B.R. at 210; First Nat'l Ins. Co. of Am. v. Bartomeli (In re Bartomeli), 303 B.R. 254, 269 (Bankr. D. Conn. 2004)) (quoting Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin), 179 B.R. 913, 924 (Bankr. E.D. Cal. 1995)).  Thus, it seems that Sandon was able to assert his claim in state court without violating the discharge injunction, and without having to litigate the issue of dischargeability in the Bankruptcy Court, and it would be an error to award damages against Beattie on those bases.  See, e.g., In re Candidus 327 B.R. 112 (Bkrtcy. E.D.N.Y. 2005) (stating "if creditor pursues lawsuit on [an unscheduled intentional tort] claim [post discharge], then debtor may assert bankruptcy discharge as affirmative defense and court with jurisdiction over creditor's lawsuit can decide dischargeability") (citations omitted).

It appears from the record that Beattie failed to respond to the notice of Radol's motion to reopen the Bankruptcy proceedings and for sanctions, and did not submit an opposition brief, or attend oral argument.  Thus, much of the confusion, and costly motion practice could have been eliminated from the outset had Beattie been more diligent.  Therefore the Court will remand the matter back to the Bankruptcy Court for clarification as to whether the Bankruptcy Court intended to impose sanctions on a different basis than discussed above.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 16th day of August, 2007,

-6-

ORDERED that the Bankruptcy Court's Order, entered on October 13, 2006, is

REMANDED.


s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.